UNITED STATES *v.* ADLANCO INDUSTRIAL PRODUCTS CORP. (No. 3649)[1]

United States Court of Customs and Patent Appeals, November 6, 1933

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks,* special attorneys, of counsel), for the United States.
*Puckhafer & Rode* (*George J. Puckhafer* of counsel) for appellee.

[Oral argument October 13, 1933, by Mr. Folks and Mr. George J. Puckhafer]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This appeal from a judgment of the United States Customs Court involves the proper classification of certain merchandise entered at the port of New York. The merchandise consists of certain articles known as "thermoflux C" and "thermoflux 500", there being two shipments of the former and one of the latter.

The merchandise was classified and assessed for duty at 40 per centum ad valorem under the provisions of paragraph 360 of the

[1] T.D. 46778.

Tariff Act of 1922, in conformity with the appraiser's reports, which read as follows:

In Protests 443930-G/26365 and 433452-G/16034:

The merchandise in question consists of thermoflux "C", laboratory apparatuses, composed in chief value of metal, not covered by the provision for all other machines or parts thereof in par. 372. It was returned for duty as laboratory apparatuses at 40% ad. val. under par. 360, act of 1922.

In Protest 451756-G/33608:

The merchandise is described on the invoice as one "Thermoflux 500", with transformer coil, amperemeter, tungsten spark gap with protective hood and other articles, and consists of a laboratory apparatus to produce heat inside the body in the parts to be treated. This action is called diathermy, composed of metal and other material, metal chief value, in the opinion of this office not machines or parts thereof as covered by par. 372. It was returned for duty as a laboratory apparatus at 40% ad val. under par. 360, act of 1922.

The protests claimed classification of the merchandise under paragraph 372 of said tariff act as "all other machines and parts thereof."

The pertinent parts of the competing paragraphs read as follows:

PAR. 360. Philosophical, scientific, and laboratory instruments, apparatus, utensils, appliances (including drawing, surveying, and mathematical instruments), and parts thereof, composed wholly or in chief value of metal, and not plated with gold, silver, or platinum, finished or unfinished, not specially provided for, 40 per centum ad valorem: * * *

PAR. 372. * * * all other machines or parts thereof, finished or unfinished, not specially provided for, 30 per centum ad valorem: *Provided*, That machine tools as used in this paragraph shall be held to mean any machine operating other than by hand power which employs a tool for work on metal.

The lower court in its opinion correctly stated:

There is no disagreement as to the material facts in this case. The imported merchandise consists of delicately adjusted machines constructed for the purpose of converting the electrical current supplied to the machines into a current of extremely high frequency. It is used by the medical profession and also by physiotherapists, who are specially trained persons working under the supervision of a physician and licensed under the laws of the State of New York. It seems that the machines are also used in hospitals and clinics in orthopedic treatment and for the increase of blood circulation.

The court then proceeded to hold that the articles in question are not scientific instruments within the meaning of said paragraph 360, but are machines within the meaning of the language of paragraph 372 of said tariff act, and entered judgment accordingly, sustaining the protests of appellee. From such judgment this appeal is taken.

Both appellant and appellee rely upon our decision in *W. L. Conover* v. *United States*, 17 C.C.P.A. (Customs) 324, T.D. 43743, in support of their respective contentions, appellant contending that the articles are used in pure science, and appellee contending that they are not.

We are clear that the lower court was correct in holding that the articles in question are not used in pure science, but only for practical purposes in applied science. The evidence establishes that they are not used for laboratory purposes at all. In our opinion the undisputed evidence establishes that the articles here in question are not classifiable under paragraph 360, and we also agree with the lower court that they are dutiable under said paragraph 372, falling within the provision thereof for "all other machines and parts thereof."

Clearly the articles are "mechanical contrivances for utilizing, applying, or modifying energy or force", and are machines. *Simon, Buhler & Baumann, Inc.* v. *United States*, 8 Ct. Cust. Appls. 273, T.D. 37537; *United States* v. *Janson Co.*, 16 Ct. Cust. Appls. 315, T.D. 43075; *United States* v. *August Merckens*, 17 C.C.P.A. (Customs) 318, T.D. 43742. Surely electricity is a form of energy, and the articles here in question convert the house current into a current of a different voltage and frequency in order that they may serve the purpose for which they are used.

We find no error in the decision of the court below, and its judgment is *affirmed.*